OPINION OF THE COURT
Dennis F. Bender, J.
The above matter involves an allegation that the respondent is a person in need of supervision (PINS) in that she has not attended school in accordance with part I of article 65 of the Education Law (Family Ct Act § 712 [a]).
A fact-finding hearing was held on May 4 and May 5, 1995 upon the conclusion of which counsel for the petitioner and the Law Guardian were afforded an opportunity to make *380 submissions. Such have been received and having considered the same and the evidence adduced at the hearing, I decide as follows.
There is no question but that the petitioner has proven beyond a reasonable doubt that the court has jurisdiction and that the respondent has not attended school. Uncontroverted and credible evidence was presented that the child was born on October 12, 1980, that she was enrolled in the Waterloo Central School District, located in Seneca County, during the 1994-1995 academic year, and that she was absent from school on numerous enumerated dates during this time period. Such does not in this matter end the court’s inquiry however.
"In order to sustain a PINS finding on the basis of truancy, there must be a[n] * * * intentional failure to attend school.” (Matter of Andrew R., 115 Misc 2d 937, 946; see also, Matter of Barbara M., 130 Misc 2d 20; Ossant v Millard, 72 Misc 2d 384.) Accordingly, a truancy PINS case is not one of strict liability. It remains rather upon the petitioner to prove beyond a reasonable doubt that the respondent acted intentionally.
Substantial evidence was presented in the within matter that the respondent suffers from a multitude of disabilities, including most importantly, school phobia. In that regard I find the testimony of Jeb Weitzen, a clinical psychologist whose testimony was offered on behalf of the respondent, to be compelling.
Pursuant to Dr. Weitzen, a phobia is an anxiety-based disorder which results in avoidance "in the extreme” of the feared object or circumstance. Despite attempts upon cross-examination to elicit testimony from Dr. Weitzen that a person suffering from this disability makes a conscious decision, that is, intends to avoid the subject of their fears, he declined to do so. On the contrary he testified specifically that the individual’s "will is overborne by anxiety”. Such was further buttressed by the testimony of Rebecca Sandell, called as a rebuttal witness, who stated that the anxiety of a phobic person becomes so severe that the person loses rationality, and his or her conscious will can be overcome.
Counsel for the petitioner argues that certain of the respondent’s behavior as presented by the rebuttal witness goes against the conclusion that the phobia indeed exists. Nonetheless, Ms. Sandell did not conclude that the phobia was not existing, and in fact evinced serious concerns about its existence.
*381 The unique circumstances of this case do not lend themselves to viewing the child’s disability as justification for her actions (see, for example, Matter of Andrew R., 115 Misc 2d 937, supra; Matter of Ian D., 109 Misc 2d 18) or justifying dismissal in the interest of justice (see, for example, Matter of Ruffel P., 153 Misc 2d 702). The effect of respondent’s disability rather is more analogous to a criminal matter in which intoxication is raised to negate intent (Penal Law § 15.25). If sufficient facts are raised which justify the trier of fact to consider the alleged intoxication on the issue of intent, it may then be considered in determining whether or not the prosecution has proven intent beyond a reasonable doubt. In the within matter, sufficient evidence has been presented to lead this court to conclude that the petitioner has failed to prove beyond a reasonable doubt that the respondent acted intentionally in her failure to attend school. The petition is thus dismissed.
This court is further mindful of the concerns raised by the petitioner as to what will occur with the child upon dismissal of the petition. There is no question that considerable efforts have been made in an effort to fashion an appropriate education program for her, and that continuation of the court’s jurisdiction under this proceeding would provide a mechanism whereby the child’s needs might be addressed. Nonetheless, this court cannot sustain the petition because of that perceived advantage. Furthermore, it is noted that the school district is not without the ability to try other options. A psychological examination of the child is underway, if not already completed, and Dr. Weitzen testified that medication may prove beneficial as well. Such may provide further insights or avenues which will assist the district in meeting its obligations.